IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KARA SINGLETON ADAMS (1),<br>MASON JAMES EYER (2),<br>JAMES A. SCHOENHOLZ (3),<br>BRITTANY DUNPHY (4), LEIAH<br>WATSON (5), and<br>ROGER WATSON (6),<br><br>    Defendants. | CRIMINAL CASE NO.<br><br>1:10-CR-0006-CAP-JFK |

## REPORT AND RECOMMENDATION

Pending before the court is Defendant Leiah Watson's motion [Doc. 181] for severance filed pursuant to Fed. R. Crim. P. 14. Defendant seeks a severance of her case from that of her co-Defendants contending that a joint trial will result in prejudicial spillover and that she may need to present the testimony of a co-Defendant. [Id.]. The Government opposes the motion contending that Defendant has not established that she will be prejudiced by a joint trial or that severance is required to allow her to obtain the testimony of a co-Defendant. [Doc. 214]. After consideration of the motion for severance, the court recommends that the motion be denied.

## I.     Background Facts

On December 8, 2010, a first superseding indictment was returned charging Defendants Kara Adams, Jason Eyer, James Schoenholz and Brittany Dunphy with a conspiracy, continuing through December 2009, in violation of 18 U.S.C. § 371, to commit wire and mail fraud in connection with an alleged scheme to defraud consumers as part of a telemarketing operation offering to lower credit card interest rates for a fee.  [Doc. 123, Count One].  These Defendants were also charged with several substantive counts of wire fraud in violation of 18 U.S.C. §§ 1343, 2326 "and 2" in connection with the aforementioned scheme to defraud.  [Id., Counts Two-Eleven].  Defendants Adams and Eyer were additionally charged with violations of 31 U.S.C. §§ 5324(a)(1) and 5324(a) having to do with allegations of structuring monetary instruments to avoid regulatory reporting requirements.  [Id., Counts Twelve-Twenty-One].  And, in Count Twenty-Two, Defendants Adams, Eyer, Dunphy, Leiah Watson and Roger Watson were charged in a conspiracy, beginning in December 2009 and continuing to an unknown date, in violation of 18 U.S.C. § 371, to obstruct the Federal Trade Commission's ("FTC") civil proceeding related to the same telemarketing scheme.  The conspiracy alleges that Defendants Leiah and Roger Watson, at the direction of Defendant Adams, removed and concealed materials and

2

electronic equipment relevant to the FTC's civil proceeding involving the telemarketing scheme under indictment, in violation of a temporary restraining order entered by the District Court which prohibited destroying, concealing, altering, etc., any materials related to the operations of the businesses allegedly involved in the fraudulent telemarketing scheme. [Id., County Twenty-Two].

Additional facts will be set forth as necessary to resolve the pending motion for severance.

## II.   Discussion

As noted, Defendant Leiah Watson seeks to sever her trial on the conspiracy to obstruct charge from the trial of co-Defendants named in the same charge as well as named in the other charges in the superseding indictment in which she is not a named Defendant. Defendant contends that a joint trial will prejudice her right to a fair trial because she is not named in the remaining counts of the indictment involving the allegedly fraudulent telemarketing scheme and because she may need to present the testimony of a co-Defendant. [Doc. 181]. The Government correctly responds that Defendant has not established grounds for a Rule 14 severance at this time. [Doc. 214].

3

Defendant alleges that a joint trial with her co-defendants will deny her a fair trial and will unduly prejudice her.  Accordingly, she seeks a severance based on Fed. R. Crim. P. 14.  "Rule 14(a) states, 'If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials, or provide any other relief that justice requires.'"  United States v. Blankenship, 382 F.3d 1110, 1120 (11th Cir. 2004) (citation omitted).  The Eleventh Circuit Court of Appeals further stated, "We have long recognized that 'a District Court confronted with a Rule 14 Motion for Severance is required to balance any . . . prejudice [to the defendants] against the interests of judicial economy, a consideration involving substantial discretion.'"  Id. (citation omitted).  "In practice, the general rule is that defendants who are jointly indicted should be tried together, particularly in conspiracy cases."  United States v. Baker, 432 F.3d 1189, 1236 (11th Cir. 2005); see also United States v. Browne, 505 F.3d 1229, 1268 (11th Cir. 2007) (same).  To justify severance, a defendant must show compelling prejudice to the conduct of his or her defense resulting in fundamental unfairness.  See Baker, 432 F.3d at 1236; United States v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997).  "'This is a heavy burden, and one which mere conclusory allegations cannot carry.'"  United States v. Walser, 3 F.3d

4

380, 386 (11th Cir. 1993) (quoting United States v. Hogan, 986 F.2d 1364, 1375 (11th Cir. 1993)); see also Browne, 505 F.3d at 1268.

Defendant Watson is charged in a conspiracy to obstruct, in violation of 18 U.S.C. § 371. It is the general rule in conspiracy cases that "defendants indicted together should be tried together." United States v. Cassano, 132 F.3d 646, 651 (11th Cir. 1998); see also Browne, 505 F.3d at 1268 (noting that it "is particularly true in conspiracy cases" that persons indicted together be tried together); United States v. Gossett, 877 F.2d 901, 904 (11th Cir. 1989) ("Generally, coconspirators should be tried jointly."). In order to overcome this presumption and to establish that severance of Defendants is mandated pursuant to Rule 14, Defendant Watson must not only show specific prejudice but also that "'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" Blankenship, 382 F.3d at 1123 (citation omitted). Except for the "notice" that she may want to offer the testimony of a co-Defendant at trial, Defendant has not identified any specific trial right which is in jeopardy of being compromised.

The second category mandating a severance, that is, preventing the jury from making a reliable judgment, applies generally to three situations. "First, severance is

mandated where compelling evidence that is not admissible against one or more of the co-defendants is to be introduced against another co-defendant." Blankenship, 382 F.3d at 1123.  However, this situation does not involve the mere disparity in the quality or amount of evidence introduced against one or more defendants and only applies where there is a minimal chance that limiting instructions will provide adequate relief. See Baker, 432 F.3d at 1236 (holding that "a defendant does not suffer 'compelling prejudice simply because much of the evidence at trial is applicable only to his codefendants,' . . . even when the disparity is 'enormous'") (quoting Schlei, 122 F.3d at 984).  Severance is also mandated upon a showing of prejudice "in an extremely narrow range of cases in which the sheer number of defendants and charges with different standards of proof and culpability, along with the massive volume of evidence, makes it nearly impossible for a jury to juggle everything properly and assess the guilt or innocence of each defendant independently." Blankenship, 382 F.3d at 1124.  And, "[f]inally, severance is required . . . where one defendant is being charged with a crime that, while somehow related to the other defendants or their overall criminal scheme, is significantly different from those of the other defendants." Id. at 1125.  While Defendant Watson is only charged in the obstruction conspiracy count, that count names all but one of the other Defendants and involves conduct

6

which is arguably part and parcel of the underlying scheme to defraud, that is, attempting to conceal evidence of the fraudulent activities. The obstruction charge is sufficiently distinct from the other charged conduct that the court finds instructions to the jury will alleviate prejudicial spillover. There is little chance that a jury will confuse evidence offered in support of the fraud and structuring charges with that offered in support of the obstruction charge. Numerous Eleventh Circuit and former Fifth Circuit cases have rejected severance requests based on conclusory claims that the complexity of the charges, length of trial and number of defendants and counts will result in prejudice and found that limiting instructions mitigated against defendants demonstrating compelling prejudice. See, e.g., United States v. Starrett, 55 F.3d 1525, 1553 (11th Cir. 1995); United States v. Russo, 796 F.2d 1443, 1449-50 (11th Cir. 1986); United States v. Kopituk, 690 F.2d 1289, 1320 (11th Cir. 1982); United States v. Martino, 648 F.2d 367, 385-86 (5th Cir. 1981). Thus, Defendant Watson has not established that a severance is required based on her claims of prejudice.

Defendant also contends that severance maybe required because she may wish to call a co-Defendant. As Defendant acknowledges, to obtain a severance on this ground, she "must first demonstrate: '(1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired

7

testimony; and (4) that the codefendant would indeed have testified at a separate trial.'" Browne, 505 F.3d at 1269 (citing United States v. Cobb, 185 F.3d 1193, 1197 (11th Cir. 1999)); see also United States v. Van Hemelryck, 945 F.2d 1493, 1501 (11th Cir. 1991) (same).  If Defendant Watson establishes those prerequisites, "the court must then:  '(1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of the motion.'"  Browne, 505 F.3d at 1269 (quoting Baker, 432 F.3d at 1239); see also Cobb, 185 F.3d at 1197 (same); Van Hemelryck, 945 F.2d at 1501 (same).  Defendant concedes that as of this time, she does not have the required affidavit from a non-testifying co-Defendant but is placing the court on "notice" that such a case may arise before trial.  [Doc. 181, ¶ 6].  If such an affidavit is produced, the court may then address, following the guidelines set forth *supra,* any renewed request for severance.

### III.  Conclusion

For the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendant Watson's motion [Doc. 181] be **DENIED**.

There are no other pending matters before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of this case.

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, declared Ready for Trial as to all Defendants.

**SO RECOMMENDED AND ORDERED** this 24th day of March, 2011.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)