**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                             Case No.  1:10-CR-06-01-CAP

**KARA SINGLETON ADAMS**

Defendant's Attorney:
Suzanne Hashimi

**JUDGMENT IN A CRIMINAL CASE**
**(For Offenses Committed On or After November 1, 1987)**

The defendant was found guilty by a jury on Count(s) 1, 2-5, 7-11, 13, 15, 16, 18-21, 22 of the Superseding Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC § 1341 and 1343 all in violation of 18 USC § 371 | Conspiracy to Commit Mail and Wire Fraud | 1 |
| 18 USC §1343 and § 2326 | Wire Fraud | 2-5,  7-11 |
| 31 USC §§ 5324(a)(1) 5324(a) and 31 CFR Part 103 | Structuring Financial Transactions to Evade Reporting Requirements | 13, 15, 16, 18-21 |
| 18 USC § 1512(c)(2) all in violation of 18 USC § 371 | Conspiracy to Commit Obstruction | 22 |

The defendant is sentenced as provided in pages 2 through  5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on count(s) 14 and 17 of the Superseding Indictment .

It is ordered that the defendant shall pay the special assessment of **$1,800** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.        3390                       Date of Imposition of Sentence: February 9, 2012
Defendant's Date of Birth:          1971
Defendant's Mailing Address:
Georgia


Signed this the   9th    Day of February, 2012.


/s/Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
UNITED STATES DISTRICT JUDGE

1:10-CR-06-01-CAP : KARA SINGLETON ADAMS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **60 months on each of counts 1, 13, 15, 16, 18-21 and 22, and terms of 210 months on each of Counts 2-5 and 7-11, all Counts to run concurrently, for a total sentence of 210 months.**

The Court recommends that the defendant be incarcerated in a facility in Florida.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:10-CR-06-01-CAP : KARA SINGLETON ADAMS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years on each count of conviction, all to run concurrently**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

Pursuant to 42 U.S.C. § 14135a(d) and 10 U.S.C. 1565(d), which requires mandatory DNA testing for Federal Offenders convicted of felony offenses, the defendant shall cooperate in the DNA collection as directed by the probation officer.

Pursuant to 18 USC § 3583(d), the defendant shall submit her person, and any property, house, residence, vehicle, papers, computer other electronic communication or data storage devices or media, and effects, to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

The defendant shall permit confiscation and/or disposal of any material considered contraband or any other item which may be deemed to have evidentiary value related to violations of supervision.

The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.

The defendant shall pay any financial penalty and/or restitution that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall make full and complete disclosure of finances and submit to any audit of financial documents, at the request of the United States Probation Officer.

1:10-CR-06-01-CAP : KARA SINGLETON ADAMS

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:10-CR-06-01-CAP : KARA SINGLETON ADAMS

## FINE

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration. The Court will waive the fine and cost of incarceration in this case.

## RESTITUTION

It is ordered that the defendant pay to the Clerk of court restitution in the full amount of $1,030,000 for distribution to the victims named in a separate document submitted by the United States Attorney's Office to the court.  Restitution is due and payable immediately.  The full amount of restitution is imposed jointly and severally with the co-defendants.

The court grants permission to the Clerk of Court to refrain from adding the listed victims to its computer database until such time as a distribution shall be made.  Distributions need not be made until such time as a minimum of $25 per victim is accumulated.  The Clerk shall distribute restitution pro rata to the victims in accordance with the individual loss amounts provided in the submitted document.

 In additional, the defendant is entitled to credit for any funds distributed to the victims in the related civil case. <u>Federal; Trade Commission v Economic Relief Technologies,</u> No. 1:09-CV-3347.  The Court directs that any payments made by the FTC, or by the court appointed receiver in that case, to victims shall be credited by the Clerk of Court toward restitution upon submission of a declaration or report of the FTC or receiver affirming the amounts distributed.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

For any unpaid balance, the Court imposes the following payment schedule: During any period of incarceration, payment of any criminal monetary debt remains due and may be made in accordance with the Inmate Financial Responsibility Program (IFRP).   Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of at least $200, or 25% of the defendant's gross monthly income above $2,300.  The payment schedule shall not preclude enforcement of the restitution judgment by the United States Attorney pursuant to 18 USC §§ 3613 and 3664(m).