**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| KARA SINGLETON ADAMS, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|     v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:10-CR-0006-CAP-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | CIVIL FILE NO. |
| | : | 1:17-CV-0047-CAP-JFK |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct her federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the motion to vacate [500], Respondent's response [507], and Movant's motion for discovery [508]. For the reasons discussed below, Movant's motion to vacate and a certificate of appealability (COA) are due to be denied and her motion for discovery shall be denied.

**I.    Background**

The United States grand jury in the Northern District of Georgia indicted Movant with (1) Count One, conspiracy to commit wire and mail fraud; (2) Counts Two through Eleven, wire fraud; (3) Counts Twelve through Twenty-One, structuring financial transactions to evade reporting requirements; and (4) Count Twenty-Two,

conspiracy to commit obstruction. (First Superseding Indictment, ECF No. 123). Movant pleaded not guilty and proceeded to trial represented by Suzanne Hashimi and Regina Stephenson. (Minute Entries, ECF Nos. 156, 330). Counts six and twelve were dismissed. (Mots. to Dismiss and Orders granting same, ECF Nos. 331, 351). The jury subsequently found Movant not guilty on counts fourteen and seventeen and guilty on all remaining counts. (Jury Verdict, ECF No. 358). By judgment entered on February 10, 2012, the Court imposed a total 210-month term of imprisonment. (J. and Commitment, ECF No. 386). On September 20, 2013, the Court denied Movant's motion for a new trial. (Order Denying Mot. for New Trial, ECF No. 451).

On June 11, 2015, the Eleventh Circuit Court of Appeals affirmed the judgment against Movant. United States v. Adams, 612 F. App'x 565 (11th Cir. 2015). On January 11, 2016, the United States Supreme Court denied *certiorari*. Adams v. United States, _ U.S. _, 136 S. Ct. 868 (2016). Movant now seeks collateral relief. (Mot. to Vacate, ECF No. 500).

## II. Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence

authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Collateral relief, however, is limited. "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," United States v. Frady, 456 U.S. 152, 164 (1982), and it is the movant's burden to establish his right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015), cert. denied, _ U.S. _, 136 S. Ct. 267 (2015).

Accordingly, "[o]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." Stoufflet v. United States, 757 F.3d 1236, 1239 (11th Cir. 2014) (quoting United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000)) (internal quotation marks omitted). Further, collateral review of a claim that could have been raised on direct appeal, but was not, is foreclosed unless the movant can show cause and prejudice for his default or actual innocence. Fordham v. United States, 706 F.3d 1345, 1349 (11th Cir. 2013).[1]

---

[1] "[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . . " or that the matter was not raised because of ineffective assistance of counsel. Lynn v. United States, 365 F.3d 1225, 1235 (11th Cir. 2004); see also Reece v. United States, 119 F.3d 1462, 1468 (11th Cir. 1997) (holding that, absent an "objective factor external to the defense" as cause, the movant must show that the default was caused by ineffective assistance of counsel (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (internal quotation marks omitted)). If a petitioner shows cause, he also must show prejudice – that the error complained of "worked to

3

Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted); see also Massaro v. United States, 538 U.S. 500, 505-09 (2003) (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts).

"The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Rosin v. United States, 786 F.3d 873, 877 (11th Cir.) (quoting § 2255(b)), cert. denied, _ U.S. _, 136 S. Ct. 429 (2015). That is the case here, as shown in the discussion below.

---

his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Reece, 119 F.3d at 1467 (emphasis in original) (quoting Frady, 456 U.S. at 170) (internal quotation marks omitted). To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence." McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (alteration in original) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

4

**III.   Discussion**

In the instant motion to vacate, Movant raises seven grounds for relief, (Mot. to Vacate at 5-19), which contain assertions similar to those presented by Movant in a list of fourteen claims in her memorandum in support of her motion, (Mov't Mem. at 10-13, ECF No. 500-1). Movant's fourteen claims are restated further below and are cited in relation to Movant's seven grounds for relief, which are as follows: ineffective assistance of counsel (1) before trial, claims 1-8; (2) during trial, for failing to prepare for trial or advise Movant on important decisions and claims 6-8, 10; (3) during sentencing, claims 1, 4, 8-9; (4) on ancillary matters, claims 1, 3, 5, 8; (5) on appeal, for failing to raise meaningful arguments or support the accused with available rules and evidence and claims 8, 9; and (6) during the adversarial process generally, claims 1-5, 7-8; (7) prosecutorial misconduct, claim 11, which was not raised on appeal because of ineffective assistance of counsel; (8) trial court error, claim 12, which was not raised on appeal because of ineffective assistance of counsel; and (9) Movant is entitled to a defense based on a change in the meaning of scheme or artifice to defraud, claim 14. (Mot. to Vacate at 5-19).

Movant's fourteen claims are as follows –

1. Counsels provided constitutionally deficient representation by failing to adequately research and analyze the law as it applied to the facts of this specific case.

2. Counsels provided constitutionally deficient representation by failing to adequately communicate the indictment, the nature of the charges, the laws, the statutes and/or the regulations as each related to the accused, her businesses and/or her business relationships and/or the affects of other agencies['] allegations.

3. Counsels provided constitutionally deficient representation by failing to review the discovery with the accused and how the government's evidence applied to each of the elements of the government's allegations.

4. Counsels provided constitutionally deficient representation by failing to adequately investigate and/or adequately present mitigating evidence.

5. Counsels provided constitutionally deficient representation by failing to seek authorization from the court to represent the accused in other inextricably intertwined ancillary matters that did affect the criminal proceedings.

6. Counsels provided constitutionally deficient representation by failing to raise meaningful and/or timely arguments and/or failing to file various proper motions.

7. Counsels provided constitutionally deficient representation by affirmatively misleading the accused about the government's case, potential witnesses, various meetings and made disparaging remarks about the federal agents and the judge.

8. Counsels provided constitutionally deficient representation by demonstrating a lack of familiarity and/or experience specific to the

6

accused's case to subject the government's case to meaningful adversarial testing.

9. Counsels provided constitutionally deficient representation . . . because they were unable to be honest and/or objective about their performance before trial, during trial and/or in the post conviction proceedings.

10. Counsels provided constitutionally deficient representation when they failed to adequately communicate with the accused the defense options and/or present to the jury all affirmative defenses.

11. The accused was denied her constitutional rights by governmental misconduct and pretrial tactics which rendered the trial fundamentally unfair.

12. The district court abused its discretion producing multiple errors which rendered the trial of the accused unfair.

13. The petitioner incorporates claims 1-12, but for all of the counsels' unprofessional errors, the results of the proceedings would have been different and the accused would not have been found guilty. In fact, [Movant] would be home with her family. [Movant] has witnesses to call in a hearing on the issues.

14. Although case law was not applicable at the time of [Movant's] trial, p[e]rsuasive new case law defining the meaning of "scheme or artifice to defraud" in the mail and wire fraud statutes and new case law in the jury's instructions would be applicable to [Movant's] defense.[2]

---

[2]For claim 14, Movant cites United States v. Takhalov, 827 F.3d 1307 (11th Cir.), opinion modified on denial of reh'g, 838 F.3d 1168 (11th Cir. 2016). (Mov't Mem. at 11 n.29). The court in Takhalov held that the district court abused its discretion in failing to give jury instruction "that they must acquit if they found that the defendants had tricked the victims into entering a transaction but nevertheless gave

7

(Mov't Mem. at 10-13). In her memorandum in support, Movant repeats in paragraph form the same matters. (Id. at 8-9). Movant presents nothing further.

Respondent argues that Movant's claims of ineffective assistance of counsel fail as conclusory, that her claims of prosecutorial misconduct and trial court error fail because they are conclusory and because they are barred by procedural default, and that her Takhalov claim fails because she provides no argument on how or why she would have benefitted from Takhalov. (Resp't Resp. at 13-20, ECF No. 507).

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Id. at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. Pooler v. Sec'y, Fla. Dep't of Corr., 702 F.3d 1252, 1269 (11th Cir. 2012).

---

the victims exactly what they asked for and charged them exactly what they agreed to pay." Id. at 1310. As pointed out by Respondent, Movant lied to her customers about the very nature of the services that she would provide. (Resp't Resp. at 21, ECF No. 507); see also PSR ¶¶ 18-36 (describing false guarantees to customers). Accordingly, the reasoning in Takhalov does not apply.

8

Under the first prong, a petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "Because we presume counsel was competent, [the movant] 'must establish that no competent counsel would have taken the action that his counsel did take.'" Dell v. United States, 710 F.3d 1267, 1281 (11th Cir. 2013) (quoting Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir.2000) (en banc)). Under the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. The habeas petitioner has the burden of affirmatively proving prejudice, and a "conceivable effect" on the proceedings does not show prejudice. Wood v. Allen, 542 F.3d 1281, 1309 (11th Cir. 2008) (quoting Strickland, 466 U.S. at 693) (internal quotation marks omitted).

Claims of ineffective assistance of appellate counsel also are governed by the Strickland test. Butts v. GDCP Warden, 850 F.3d 1201, 1204 (11th Cir. 2017), pet. for cert. filed, (U.S. Sep. 29, 2017) (No. 17-512). The movant must demonstrate deficient performance by counsel and demonstrate that, if counsel had not performed

9

deficiently, "there is a reasonable probability of a different result in the appeal had the claim been presented in an effective manner[.]" Id.

Vague or conclusory assertions of ineffective assistance of counsel are insufficient to state a constitutional claim for habeas corpus relief. See Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (recognizing that "[c]onclusory allegations of ineffective assistance are insufficient" (quoting United States v. Lawson, 947 F.2d 849, 853 (7th Cir. 1991)) (internal quotation marks omitted)); Oliver v. Wainwright, 795 F.2d 1524, 1531 (11th Cir. 1986) (stating that "vague assertions [of ineffective assistance of counsel] fail to state any constitutional claim and do not warrant further consideration"); Edwards v. Sec'y Dep't of Corr., No. 8:08-CV-1145-T-24MAP, 2008 WL 786331, at *9 n.8 (M.D. Fla. Mar. 21, 2008) (stating that "[v]ague and conclusory claims failing to state facts which would show an entitlement to relief can be dismissed without further effort by the Court").

Movant's grounds/claims pertaining to alleged prosecutorial misconduct and trial court error are procedurally defaulted and barred from review as Petitioner fails to make any showing to overcome her default. See Fordham, 706 F.3d at 1349. Movant's grounds/claims pertaining to ineffective assistance of counsel all fail as conclusory. Although Movant complains regarding counsel's alleged failure to

10

investigate, research, communicate, review various matters, present evidence, present arguments, and/or file motions, Movant has not shown what specific action counsel should have taken, has not demonstrated what different action by counsel would have produced or changed, and has not demonstrated that any potential change would have created a reasonable probability of a favorable outcome in her case.  Further, Movant does not identify the ancillary matters at issue, how counsel misled her, or counsel's disparaging remarks or identify what counsel specifically could have done differently in regard thereto that reasonably would have had changed the outcome in her case. Movant also fails to show how or why application of Takhalov would have changed the result in her case.[3]

Movant has failed to meet her burden on collateral review, and her motion to vacate should be denied.

---

[3] Additionally, any claim based on the jury instructions should have been raised on direct appeal and is procedurally defaulted.  Movant provides nothing to show that Takhalov was so novel as to provide cause for her procedural default.  See Bousley v. United States, 523 U.S. 614, 622 (1998) ("[W]e have held that a claim that 'is so novel that its legal basis is not reasonably available to counsel' may constitute cause for a procedural default[.]" (quoting Reed v. Ross, 468 U.S. 1, 16 (1984))).

11

## IV. Motion for Discovery

By way of background on the issue of discovery, after the Eleventh Circuit Court of Appeals affirmed the judgment against Movant, Movant filed a *pro se* motion to compel counsel Hashimi to send Movant a copy of her entire case file, and the Honorable Charles A. Pannell, Jr., granted that motion in part and directed counsel to digitize the case file, with an exception for unscannable items, and submit a status report to the Court on the matter. (Mot. to Compel, ECF No. 484; Order of Sept. 10, 2015, ECF No. 486). In a motion to compel compliance, Movant asserted that she had not received the complete case file, which she needed for a collateral attack on her conviction. (Mot. to Compel Compliance at 1, ECF No. 492). Counsel responded that she had reviewed all the material, believed that she had provided Movant with copies of all requested documents, and would comply with any further Order of the Court. (Resp. to Mot. to Compel Compliance, ECF No. 493). Judge Pannell found that counsel had fully complied. (Order of Nov. 9, 2016, ECF No. 494). After Movant moved for reconsideration and complained that she had received thirty-seven discs instead of the forty-six discs that counsel initially stated that she would send, Judge Pannell found that nine discs had been removed as duplicative and denied reconsideration. (Order of Jan. 26, 2017, at 2, ECF No. 502).

12

Meanwhile, Movant filed her instant § 2255 motion and has since filed a motion for discovery. (Mot. for Disc., ECF No. 508). Movant seeks a broad swath of material – including (1) "from the U.S. all typed and electronic versions of any and all emails, letters, memos, and any other form of communications from the U.S. to counsels concerning this matter"; (2) a certification from Hashimi that the CD contents are true and complete[4] and "exact dates the government provided each information on each certification"; (3) all offers and discussions between the government and the defense, recorded in any form, "concerning all actions against [Movant], including seizures, discovery, plea offers and all other issues[,]" on and off the record; (4) from the U.S., "all documents and disclosures from all Agencies and the chain of custody of all evidence collected[,]" with certification by the government on the length of each recording, exact dates of the recording, and the chain of custody for each record; (5) answers to her interrogatories, (id. at 1-3), and (6) all information from Florida investigations, the Georgia Consumer Affairs, U.S. Postal inspectors, the Federal Trade Commission, the court appointed receivership, certain raids, Movant's personal and business taxes, and seizures, to include names of official actors and persons

---

[4]The Court already has found that counsel has fully complied with the order to provide Movant her case file and has denied Movant reconsideration.

interviewed during the course of any related investigations and the dates of the interviews, (Mov't Mem. at 3, ECF No. 508-1). Movant also refers to documents and discovery – which she states that she attached, but did not – and asserts that they support a claim that the prosecution failed to disclose (unidentified) information. (Mov't Mem. at 2). Movant asserts generally that the material is "necessary to support either her claims of governmental misconduct and/or ineffective assistance of counsels." (Mot. for Disc. at 2-3; see also Mov't Mem. at 3).

The standard for discovery in these proceedings is as follows –

> **(a) Leave of Court Required**. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> **(b) Requesting Discovery**. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

Rule 6, Rules Governing Section 2255 Proceedings for the United States District Courts.

To show "good cause" as required by Rule 6(a), a movant must present "specific allegations" that give a court "reason to believe that the petitioner may, if the facts are

14

fully developed, be able to demonstrate that he is . . . entitled to relief[.]" Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)) (internal quotation marks omitted). Discovery in "[a] habeas proceeding is not a fishing expedition[,]" Donald v. Spencer, 656 F.3d 14, 16 (1st Cir. 2011) (alteration in original) (quoting Teti v. Bender, 507 F.3d 50, 60 (1st Cir. 2007)) (internal quotation marks omitted), and "good cause for discovery cannot arise from mere speculation" or be based on "hypothesis," Arthur v. Allen, 459 F.3d 1310, 1311 (11th Cir. 2006).

It is Movant's burden to demonstrate good cause for her discovery requests. Movant has not met that burden. Movant's exceptionally broad fishing expedition, accompanied by the explanation that the material is "necessary to support either her claims of governmental misconduct and/or ineffective assistance of counsels[,]" (Mot. for Disc. at 2-3), does do not convince the Court that with further factual development Movant may be able to demonstrate that she is entitled to relief.

## V.     **Certificate of Appealability (COA)**

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or

15

issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted), cert. denied, _ U.S. _, 136 S. Ct. 324 (2015).

> "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack, 529 U.S. at 484), cert. denied, _ U.S. _, 137 S. Ct. 830 (2017).

It is recommended that a COA is unwarranted based on the above discussion of Movant's conclusory grounds for relief. If the Court adopts this recommendation and denies a COA, Movant is advised that she "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."

AO 72A
(Rev.8/82)

Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## VI. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion [500] to vacate, set aside, or correct her federal sentence be **DENIED** and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 13th day of October, 2017.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)